HANSON BRIDGETT MARCUS VLAHOS & RUDY, LLP
SUSAN G. O'NEILL – 115133
GARNER K. WENG – 191462
ALEXANDRA ATENCIO – 227251
425 Market Street, 26th Floor
San Francisco, CA 94105
Telephone: (415) 777-3200
Facsimile: (415) 541-9366
E-mail: gweng@hansonbridgett.com

Attorneys for Plaintiff and Counterdefendant
LAPPERT'S ICE CREAM, INC., a California Corporation

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO-OAKLAND DIVISION**

LAPPERT'S ICE CREAM, INC., a California Corporation,

Plaintiff,

v.

LAPPERT'S, INC., a Hawaii Corporation,

Defendant.

AND RELATED COUNTERCLAIM

No. C 06 1296 SC

STIPULATION REGARDING PLAINTIFF'S FIRST AMENDED COMPLAINT

STIPULATION

WHEREAS, Plaintiff and Counterdefendant Lappert's Ice Cream, Inc. ("Plaintiff") seeks to amend its Complaint in this action in the form of the First Amended Complaint attached as Exhibit A to this Stipulation (and previously filed a motion seeking leave for this); and

WHEREAS, Defendant and Counterclaimant Lappert's, Inc. ("Defendant"), does not oppose Plaintiff's Motion to File First Amended Complaint;

THEREFORE, the parties STIPULATE AND AGREE that, without regard to the merits of the First Amended Complaint attached as Exhibit A to this Stipulation, Plaintiff has Defendant's consent to file that First Amended Complaint, but on the condition that Plaintiff

adheres to the schedule mutually agreed upon by the parties through their counsel of record, whereby:

1. Defendant will file its responsive pleading to the First Amended Complaint by the date that is five court days after the date of filing of the First Amended Complaint ("Response Date"); and

2. Plaintiff will file its reply to counterclaims, if any, by the date that is five court days after the Response Date.

For clarity, the dates set by the Court's Status Conference Order or by any of the Court's orders on any previous stipulations in this action are unaffected by this Stipulation.

DATED: January 5, 2007

HANSON BRIDGETT MARCUS VLAHOS & RUDY, LLP

By: /s/
SUSAN G. O'NEILL
GARNER K. WENG
ALEXANDRA ATENCIO
Attorneys for Plaintiff and Counterdefendant
LAPPERT'S ICE CREAM, INC., a California Corporation

DATED: January 5, 2007

HOWARD RICE NEMEROVSKI CANADY FALK & RABKIN

By: /s/
DOUGLAS A. WINTHROP
SHAUDY DANAYE-ELMI
Attorneys for Defendant and Counterclaimant
LAPPERT'S, INC.



SIGNATURES UNDER GENERAL ORDER NO. 45

Pursuant to General Order No. 45 of the United States District Court, Northern District of California, I, Garner K. Weng—the ECF User whose User ID and Password are used in the filing of this document—hereby attest that the concurrence to the filing of this document has been obtained from the other signatory to this document.

/s/
GARNER K. WENG

# EXHIBIT A

HANSON BRIDGETT MARCUS VLAHOS & RUDY, LLP
SUSAN G. O'NEILL – 115133
GARNER K. WENG – 191462
ALEXANDRA ATENCIO – 227251
425 Market Street, 26th Floor
San Francisco, CA 94105
Telephone: (415) 777-3200
Facsimile: (415) 541-9366
E-mail: gweng@hansonbridgett.com

Attorneys for Plaintiff
LAPPERT'S ICE CREAM, INC., a California Corporation

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO-OAKLAND DIVISION**

LAPPERT'S ICE CREAM, INC., a California Corporation,

Plaintiff,

v.

LAPPERT'S, INC., a Hawaii Corporation,

Defendant.

No. C 06 1296 SC

**FIRST AMENDED COMPLAINT FOR DECLARATORY RELIEF REGARDING TRADEMARK OWNERSHIP, FEDERAL TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN, COMMON-LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION, AND BREACH OF CONTRACT**

**DEMAND FOR JURY TRIAL**

Plaintiff Lappert's Ice Cream, Inc. (a California Corporation) ("Lappert's") brings this action against Defendant Lappert's, Inc. (a Hawaii Corporation) ("Lappert's Hawaii") for declaratory relief regarding the ownership of U.S. trademark rights under federal law, federal trademark infringement, false designation of origin, common-law trademark infringement and unfair competition, and breach of contract.

**<u>JURISDICTION</u>**

1. This action arises under the Declaratory Judgment Act, Title 28 of the United States Code, Sections 2201 and 2202. As set forth in this Complaint, there is an actual, substantial, and continuing justiciable controversy between Plaintiff Lappert's and Defendant

Lappert's Hawaii of sufficient immediacy and reality so as to require a declaration of rights by this Court concerning the ownership of the U.S. trademark rights under federal trademark law, particularly with respect to the following trademarks, in connection with ice cream confections, bakery goods, and coffee: the combination word-design logo made up of the word LAPPERT'S over the image of a side profile of Walter Lappert (shown as a man with a mustache and beard wearing a cap) (and variations of this design); the word mark LAPPERT'S (and variations); and the word mark KAUAI PIE. This Court has subject matter jurisdiction over the claims in this action under Title 28 of the United States Code, Sections 1331 (federal question), 1332 (diversity), and 1338(a) (Acts of Congress relating to trademarks) and Title 15 of the United States Code, Sections 1121 *et seq.* (the Lanham Act). Among other things, the claims in this action relate to questions regarding federal trademark law, federal trademark registrations, and applications for federal trademark registration; and the parties to this action are citizens of different States, with the matter in controversy exceeding the sum or value of $75,000. Additionally, the Court has subject matter jurisdiction over the state-law and common-law claims in this action under Title 28 of the United States Code, Sections 1338(b) (unfair competition joined with a substantial and related claim under trademark law) and 1367(a) (supplemental jurisdiction over plaintiff's claims for state-law claim for breach of contract and common-law trademark infringement and unfair competition).

**VENUE**

2. Venue is proper in this district pursuant to Title 28 of the United States Code, Section 1391(b). Among other things, a substantial part of the events or omissions giving rise to the claims in this action occurred and continues to occur in this District; and a substantial part of the property that is subject of this action is situated within this District, and the harm alleged herein was directed to and felt by Plaintiff here in this District.

**INTRADISTRICT ASSIGNMENT**

3. Intradistrict assignment to the San Francisco or Oakland Division is appropriate under Civil L.R. 3-2(c) and (d), if applicable. Among other things, a substantial part of the events or omissions giving rise to the claims in this action occurred in the Counties of Contra Costa and

Marin, which is encompassed within this Division; and a substantial part of the property that is subject of this action is situated within the County of Contra Costa, are the harm alleged herein was directed to and has been felt by Plaintiff in Contra Costa which is encompassed within this Division.

**PARTIES**

4. Plaintiff Lappert's is a corporation organized and existing under the laws of the State of California, having its principal place of business at 223 Ohio Avenue, Richmond, California 94804.

5. Plaintiff is informed and believes and on that basis alleges that Defendant Lappert's Hawaii is a corporation organized and existing under the laws of the State of Hawaii, having its principal place of business in Hanapepe, Kauai, Hawaii and a mailing address at P.O. Box 692, Hanapepe, Kauai, Hawaii 96716.

**GENERAL ALLEGATIONS**

6. Plaintiff Lappert's is a provider of premium ice cream and bakery goods and gourmet coffee. Its products are available at stores and restaurants throughout the U.S., including without limitation in California (and multiple locations within the San Francisco Bay Area alone), Nevada, Arizona, Washington, and Illinois; and its products are also available through orders that can be shipped to other locations, including without limitation throughout the mainland U.S. Lappert's (including its predecessors in interest) has long and continuously used a number of trademarks in connection with its ice cream, bakery goods, and coffee products, including without limitation several variations of a combination word-design logos made up of the word LAPPERT'S over the image of a side profile of Walter Lappert (shown as a man with a mustache and beard wearing a cap), the word mark LAPPERT'S (and variations), and the word mark KAUAI PIE. Lappert's is the owner of the exclusive U.S. trademark rights in these marks.

7. Underscoring this, Lappert's is the owner of four separate U.S. federal trademark registrations for combination word-design logos made up of the word LAPPERT'S over the image of a side profile of Walter Lappert (shown as a man with a mustache and beard wearing a cap). These four registrations are as follows:

----

----

| *Mark Description* | *Reg. No.* | *Goods* | *App. Date* | *Reg. Date* |
|---|---|---|---|---|
| LAPPERT'S design logo | 1451116 | ice cream confections | 7/17/86 | 8/4/87 |
| LAPPERT'S design logo | 1845794 | bakery goods and coffee | 8/16/93 | 7/19/94 |
| LAPPERT'S ICE CREAM design logo | 2043342 | ice cream confections | 2/27/96 | 3/11/97 |
| LAPPERT'S COFFEE design logo | 2043345 | coffee | 2/27/96 | 3/11/97 |

8. Not only have these registrations issued, filings have been made and accepted under Lanham Act Section 15 for each of the four registrations, making Lappert's exclusive rights to these marks throughout the U.S. incontestable under federal law. Accordingly, under federal law, these four trademark registrations are conclusive evidence that Lappert's is the owner of the exclusive rights to these marks throughout the U.S. Incidentally, while Walter Lappert has since passed away, he was alive at the time that these applications were filed and when these registrations issued; and his consent for his likeness to be used in the trademarks is on record with the U.S. Patent & Trademark Office.

9. Lappert's has also applied for U.S. federal trademark registration of the word mark LAPPERT'S in connection with ice cream, coffee, and bakery goods. It filed the application on September 21, 2005; and the application is designated as Serial No. 78717667.

10. Lappert's has additionally applied for U.S. federal trademark registration of the word mark KAUAI PIE in connection with ice cream and coffee. It filed the application on December 16, 2004; and the application is designated as Serial No. 76624588.

11. Lappert's has invested substantial time and resources into promoting and advertising its high-quality ice cream, bakery goods, and coffee under the aforementioned trademarks. Plaintiff is informed and believes and on that basis alleges that the public has come to know these trademarks as designating the high-quality goods provided by Lappert's. By virtue of the described widespread use, promotion, and recognition of these marks, the marks have

acquired goodwill, valuable commercial magnetism, and a distinctiveness of secondary meaning signifying Lappert's and the goods that it provides under these marks.

12. Plaintiff is informed and believes and on that basis alleges that Defendant Lappert's Hawaii has long known of the existence of Lappert's, the business of Lappert's, the use of trademarks by Lappert's in connection with ice cream, bakery goods, and coffee (including without limitation the four marks that are covered by the above-referenced U.S. trademark registrations, the word mark LAPPERT's, and the word mark KAUAI PIE), and specifically the four above-referenced U.S. trademark registrations owned by Lappert's. In fact, Lappert's and Lappert's Hawaii have had a long-time business relationship going back many years—in particular including Lappert's licensing the use of certain trademarks to Lappert's Hawaii. It has always been the understanding of Lappert's, however, that Lappert's Hawaii acknowledged and understood that Lappert's owned the trademarks at issue and that all use of the any trademarks at issue by Lappert's Hawaii inured to the benefit of Lappert's.

13. Despite this relationship and past understanding, Lappert's Hawaii suddenly now claims to be the exclusive owner—even relative to Lappert's—of the trademark rights throughout the U.S. in various trademarks identical, similar to, or incorporating in whole or in part trademarks used, owned, and registered by Lappert's. Among the trademarks in which Lappert's Hawaii has now claimed exclusive rights throughout the U.S. are a combination word-design logo featuring the word LAPPERT'S and using the profile of Walter Lappert and the word mark KAUAI PIE. Specifically, on or about February 15, 2006, Lappert's Hawaii informed Lappert's that it believes it has "rights to the tradenames and trademarks" at issue between the companies.

14. On top of this stated claim, Lappert's Hawaii has actually applied for U.S. federal trademark registration of a combination word-design logo made up of the word LAPPERT'S across a circle, the word ICE CREAM across the top of and following the contours of the circle, the word COFFEE across the top of and following the contours of the circle, and within the circle, another smaller circle containing a side profile of a man with a mustache and beard wearing a cap, in connection with bakery deserts, coffee, coffee beans, cookies, dough, frozen confections, frozen yogurt, ground coffee beans, ice cream, ice cream drinks, ice cream cakes, prepared coffee

and coffee-based beverages, roasted coffee beans, retail shops featuring ice cream and coffee, and coffee roasting and processing. According to the online records of the U.S. Patent & Trademark Office, this application was filed on August 18, 2005 and is designated as Serial No. 78695972.

15. In the mark that is the subject of this application, the profile of the man with a mustache and beard and wearing a cap that is shown in the trademark is identical to the profile of Walter Lappert that makes up each of the four U.S. trademark registrations owned by Lappert's, described above, except that Walter Lappert is facing to the right (instead of to the left). By the nature of the application, Lappert's Hawaii is claiming the exclusive right to use the described combination word-design logo featuring the word LAPPERT'S and the profile of Walter Lappert. Indeed, in the application, Ms. Mary Pratt (as President of Lappert's Hawaii) swears under penalty of law that "to the best of his/her knowledge and belief no other person, firm, corporation, or association has the right to use the mark in commerce . . ."

16. On or about December 7, 2005, the U.S. Patent & Trademark Office approved for publication the application by Lappert's for U.S. trademark registration of KAUAI PIE—indicating that it intended to issue the registration to Lappert's. But on or about February 3, 2006, Lappert's Hawaii filed a Notice of Opposition seeking to prevent the U.S. Patent & Trademark Office from issuing this registration to Lappert's. In the Notice of Opposition, Lappert's Hawaii expressly claimed to own the "exclusive right to use the mark KAUAI PIE for ice cream and coffee . . . ." An opposition proceeding is now pending before the Trademark Trial and Appeal Board. And based on Lappert's Hawaii's statements and actions to date, Lappert's has a reasonable apprehension that Lappert's Hawaii may try to interfere similarly with its pending application for federal registration of the word mark LAPPERT'S or somehow try to take some action against its existing registrations.

17. Also based on Lappert's Hawaii's statements and actions to date—including without limitation its express statements that it owns the exclusive rights to the aforementioned trademarks throughout the U.S.—and based on the fact that Lappert's continues to use its trademarks in which Lappert's Hawaii is now suddenly also claiming exclusive rights, Lappert's has a reasonable apprehension that Lappert's Hawaii will sue it for trademark infringement.

18. Plaintiff is informed and believes and on that basis alleges that Lappert's Hawaii has long known specifically that the corporate headquarters of Lappert's is in California, that Lappert's is a California corporation, that many of the customers of Lappert's are California residents and visitors to California, that many of the sales of Lappert's are made in California, and that many of the locations at which Lappert's products at issue in this action are available are in California. Accordingly, Lappert's Hawaii well knew that its claims of exclusive rights of the trademarks at issue in this action, its application for federal registration of one of these marks (Serial No. 78695972), and its opposition to the application by Lappert's for federal registration of one of these marks would impact Lappert's in California.

19. Moreover, Plaintiff is informed and believes and on that basis alleges that Lappert's Hawaii expressly aims its products—labeled under the trademarks at issue in this action—for sale in California and to California residents.

20. Among other things, Plaintiff is informed and believes and on that basis alleges that California residents are a particularly strong market for and source of tourism business for Hawaii—and by consequence, they are a strong source of business for the locations in Hawaii at which the products of Lappert's Hawaii are featured. The Hawaii Visitors & Convention Bureau reports on its Web site that, according to its preliminary 2005 numbers, 40.5% of all visitors to Hawaii came from the "U.S. West"—i.e., states on the U.S. mainland that are west of the Rockies. The Hawaii Visitors & Convention Bureau further reports on its Web site that, according to its preliminary 2005 numbers, among all major markets worldwide, travelers to Hawaii haled most often from the Los Angeles, California area (over 740,000 visitors)—with the San Francisco, California area coming in second (over 530,000 visitors), the San Diego, California area coming in sixth (over 160,000 visitors), and the Sacramento, California area coming in eighth (over 110,000 visitors). Accordingly, Plaintiff is informed and believes and on that basis alleges that Hawaii attractions that appeal to tourists—including Lappert's Hawaii—place their marketing and advertisements in Web sites, publications, press, and other media that are targeted toward or have strong visibility or circulation among California residents.

21. Furthermore, Plaintiff is informed and believes and on that basis alleges that

Lappert's Hawaii specifically offers and provides its ice cream, bakery goods, and coffee products, under the trademarks at issue in this action, to California residents—including without limitation by phone and mail order and including without limitation as advertised on Web sites accessible by California residents. The Lappert's Hawaii Web site, accessible at www.lappertshawaii.com, states, "If you would like to order coffee or ice cream before then, please call 1-800-356-4045."

22. On a similar note, the Hawaii Magazine Web site, accessible at www.hawaiimagazine.com, contains an article discussing Lappert's Hawaii with an inset text box stating, "If you live west of Colorado, you can mail order Lappert's ice cream, cookies and cinnamon rolls by calling (800) 356-4045. For more information, contact Lappert's Inc., at P.O. Box 692, Hanapepe, Kauai, HI 96716." Additionally, the Hawaii Food Manufacturers Association Web site, accessible at www.foodsofhawaii.com, contains a member listing page for Lappert's Hawaii that states that the company's sales methods include "Wholesale," "Retail," and "Mail Order" and lists a mailing address, phone number, fax number, and e-mail address for reaching Lappert's Hawaii. The Web site also states explicitly that the association's members "are active in markets around the world."

## FIRST CLAIM FOR RELIEF
**Declaratory Judgment re:**
**Ownership of U.S. Trademark Rights in**
**LAPPERT's word mark, LAPPERT'S combination word-design logos, and design logos featuring likeness of Walter Lappert**

23. Plaintiff Lappert's restates and re-avers the allegations of Paragraphs 1 through 22, inclusive, as if set forth here in full as part of this claim for relief.

24. Lappert's owns a family of LAPPERT'S word marks and combination word-design marks featuring the profile of Walter Lappert in connection with ice cream confections, bakery goods, and coffee. Among other things, Lappert's owns the four above-described and now-incontestable U.S. federal trademark registrations for combination word-design logos made up of the word LAPPERT'S over the image of a side profile of Walter Lappert (shown as a man with a mustache and beard wearing a cap). Lappert's claims exclusive ownership in the trademark rights in this design (and any similar designs showing a profile of Walter Lappert) throughout the

U.S.—and also claims exclusive ownership in the trademark rights in the word mark LAPPERT'S throughout the U.S.

25. Defendant Lappert's Hawaii has filed the above-described application for federal trademark registration for a design incorporating the word LAPPERT's and incorporating an image of a side profile of Walter Lappert (shown as a man with a mustache and beard wearing a cap)—the same exact graphic used in the registered trademarks of Lappert's, though with Walter Lappert facing to the right instead of to the left. Lappert's Hawaii also claims exclusive trademark rights in this combination word-design logo, and in other Lappert's marks, throughout the U.S. With the overlap of the term LAPPERT's, the virtually identical side profile of Walter Lappert, and the similar goods, the rights of Lappert's and the claimed rights of Lappert's Hawaii are in direct conflict.

26. Accordingly, there exists an actual, substantial, and continuing justiciable controversy between Lappert's and Lappert's Hawaii concerning who, between them, owns the U.S. trademark rights to the word mark LAPPERT'S, the combination word-design logos made up of the word LAPPERT'S over the image of a side profile of Walter Lappert (shown as a man with a mustache and beard wearing a cap)—including without limitation variations of this word-design logo and any designs logos featuring the profile or likeness of Walter Lappert—in connection with ice cream confections, bakery goods, and coffee. Lappert's desires and requests a judicial determination and declaration of the respective rights and duties of the parties based on the disputes recited above. This determination and declaration is necessary and appropriate at this time so that the parties may ascertain their respective rights and duties regarding the aforementioned trademark.

**SECOND CLAIM FOR RELIEF**
**Declaratory Judgment re:**
**Ownership of U.S. Trademark Rights in**
**KAUAI PIE word mark**

27. Plaintiff Lappert's restates and re-avers the allegations of Paragraphs 1 through 26, inclusive, as if set forth here in full as part of this claim for relief.

28. Lappert's claims exclusive ownership in the trademark rights in the word mark

KAUAI PIE throughout the U.S. in connection with ice cream confections, bakery goods, and coffee—and has applied for federal registration of this mark. Defendant Lappert's Hawaii has instituted an opposition against this application, seeking to prevent the registration from issuing to Lappert's. Lappert's Hawaii also claims exclusive trademark rights in KAUAI PIE throughout the U.S.

29. Accordingly, there exists an actual, substantial, and continuing justiciable controversy between Lappert's and Lappert's Hawaii concerning who, between them, owns the U.S. trademark rights to the word mark KAUAI PIE in connection with ice cream and coffee. Lappert's desires and requests a judicial determination and declaration of the respective rights and duties of the parties based on the disputes recited above. This determination and declaration is necessary and appropriate at this time so that the parties may ascertain their respective rights and duties regarding the aforementioned trademark.

## THIRD CLAIM FOR RELIEF
**Federal Trademark Infringement**
**15 U.S.C. § 1114[1]**

30. Plaintiff Lappert's restates and re-avers the allegations of Paragraphs 1 through 29, inclusive, as if set forth here in full as part of this claim for relief.

31. Defendant Lappert's Hawaii continues to use the above-described LAPPERT'S word and design trademarks without valid license, permission, or rights. Lappert's is informed and believes and on that basis alleges that Lappert's Hawaii has continued to and still continues to use these trademarks with full knowledge of Lappert's above-mentioned federal trademark registrations and trademark rights.

32. Lappert's is informed and believes and on that basis alleges that the acts and omissions of Lappert's Hawaii are likely to cause, have caused, and are now causing confusion, mistake and deception in the public mind that the ice-cream, coffee, and bakery-goods products offered by Lappert's Hawaii are sponsored, approved, endorsed by Lappert's. Further, the acts and omissions of Lappert's Hawaii are likely to cause, have caused and are now causing confusion, mistake and deception in the public mind that Lappert's and Lappert's Hawaii are

legally related entities.

33. By reason of the acts and omissions of Lappert's Hawaii alleged in this Complaint, Lappert's has suffered and will suffer damage to its business, reputation and goodwill and the loss of sales and profits Lappert's would have made but for the acts and omissions by Lappert's Hawaii. The brunt of this damage is felt in the State of California, which is Lappert's principal place of business.

34. The wrongful acts and omissions of Lappert's Hawaii have caused and, unless restrained and enjoined by this Court, will continue to cause, serious irreparable injury and damage to plaintiff and its subsidiaries and to the goodwill associated with Lappert's marks in this District, throughout the State of California, and elsewhere. These tortious acts have caused and will continue to cause grave injury to the public as well for which plaintiff has no adequate remedy at law. Lappert's is therefore entitled to injunctive relief as hereinafter set forth.

**FOURTH CLAIM FOR RELIEF**
**False Designation of Origin**
**15 U.S.C. § 1125[a]**

35. Plaintiff Lappert's restates and re-avers the allegations of Paragraphs 1 through 34, inclusive, as if set forth here in full as part of this claim for relief.

36. The use of the LAPPERT'S word and design by Defendant Lappert's Hawaii is a false designation of origin as to the ice-cream, coffee, and bakery-goods products made available by Lappert's Hawaii in interstate commerce. Lappert's and Lappert's Hawaii both offer ice-cream, coffee, and bakery-goods products. By virtue of the LAPPERT'S word and design marks, consumers who use or learn of the goods of Lappert's Hawaii will mistakenly believe that the goods associated with Lappert's Hawaii originate with, are sponsored by, or are affiliated with Lappert's.

37. The adoption and use by Lappert's Hawaii of trademarks confusingly similar to Lappert's trademarks, the continuation of such uses, and all of the other acts of Lappert's Hawaii—particularly the unauthorized use of the LAPPERT's word and design marks, as alleged above—create the likelihood that the public will be confused as to the true source, sponsorship, or affiliation of the goods of Lappert's Hawaii. As a result, Lappert's and the public have been

damaged, and unless Lappert's Hawaii is enjoined, will continue to be irreparably damaged further, as hereinabove alleged.

**FIFTH CLAIM FOR RELIEF**
**Common Law Trademark Infringement and Unfair Competition**

38. Plaintiff Lappert's restates and re-avers the allegations of Paragraphs 1 through 37, inclusive, as if set forth here in full as part of this claim for relief.

39. The above-described acts and omissions by Defendant Lappert's Hawaii constitute trademark infringement at common law. Lappert's and the public have been damaged by this infringement, and, unless Lappert's Hawaii is enjoined, will continue to be damaged.

40. The use of the LAPPERT's word and design marks is likely to and does permit Lappert's Hawaii to misappropriate and unfairly trade upon the valuable goodwill and reputation of Lappert's and will subject the goodwill and reputation in the LAPPERT's word and design marks to the hazards and perils attendant upon the business activities of Lappert's Hawaii, activities over which Lappert's has no control.

**SIXTH CLAIM FOR RELIEF**
**Breach of Contract**

41. Plaintiff Lappert's restates and re-avers the allegations of Paragraphs 1 through 40, inclusive, as if set forth here in full as part of this claim for relief.

42. When Lappert's succeeded to the ownership of the LAPPERT'S word and design marks at issue here, including without limitation the above-described federal trademark registrations, it gave Defendant Lappert's Hawaii license and permission to continue using the LAPPERT'S word and design marks for its ice-cream, coffee, and bakery-goods products—with the understanding that all use of the marks inured to the benefit of Lappert's, that Lappert's Hawaii would not do anything that could damage the marks, and that Lappert's would not claim that it in fact was the exclusive owner of the marks.

43. In doing the above-described acts, Lappert's Hawaii has claimed and continues to claim that it is the exclusive owner of a LAPPERT'S word and design mark, which has put the goodwill built up in the marks at risk. Lappert's Hawaii has therefore breached the contract under which Lappert's gave it license and permission to use the marks.

44. Lappert's has performed all covenants required of it under this contract or has been excused from performance by virtue of the breach by Lappert's Hawaii.

45. As a direct and proximate result of these acts and omissions by Lappert's Hawaii, Lappert's has been damaged in an amount to be proven at trial.

**PRAYER FOR RELIEF**

Plaintiff Lappert's prays against Defendant Lappert's Hawaii as follows:

(1) On the first claim for relief, for a judgment declaring that the following U.S. trademark registrations are owned by Lappert's—and are valid and enforceable:

(a) Registration No. 1451116;

(b) Registration No. 1845794;

(c) Registration No. 2043342; and

(d) Registration No. 2043345.

(2) On the first and second claims for relief, for a judgment declaring that Lappert's is the exclusive owner of the trademark rights throughout the U.S. in the following marks in connection with ice cream, bakery goods, coffee, and similar goods:

(a) the word mark LAPPERT'S (and variations);

(b) any design logo using the word LAPPERT'S;

(c) any design logo featuring the profile or other likeness of Walter Lappert; and

(d) the word mark KAUAI PIE.

(3) On the third, fourth, and fifth claims for relief, for an order that Lappert's Hawaii be permanently enjoined and restrained from directly or indirectly:

(a) using any trademark or trade name including or confusingly similar to the term LAPPERT'S or the side profile (or any other likeness) of Walter Lappert (or both)—without a valid license or permission from Lappert's;

(b) performing any actions or using any words, names, styles, titles or marks that are likely to cause confusion, to cause mistake, or to deceive; or to otherwise mislead the trade or public into believing that Lappert's Hawaii

and Lappert's are one and the same or are connected in any way;

(c) using any trade practices whatsoever, including those complained of herein, which tend to unfairly compete with or injure Lappert's, its businesses, and the goodwill appertaining thereto;

(d) registering or applying to register as a trademark or tradename the term LAPPERT'S or the side profile (or any other likeness) of Walter Lappert (or both); or

(e) registering any Internet domain name incorporating or confusingly similar to LAPPERTS, or its phonetic, visual, or foreign-language equivalent;

(4) On the third, fourth, and fifth claims for relief, for an order that Lappert's Hawaii be ordered to:

(a) expressly abandon all of their existing federal or other registrations and applications for federal registration for any marks consisting of or incorporating either a term confusingly similar to the term LAPPERT'S or the side profile (or any other likeness) of Walter Lappert; or

(b) delete any Internet domain name registrations incorporating or confusingly similar to the term LAPPERT'S;

(5) On the third, fourth, fifth, and sixth

(6) claims for relief, that Lappert's Hawaii be required to pay to Lappert's compensatory damages for the injuries sustained by Lappert's in consequence of the acts herein complained of according to proof;

(7) For an assessment of costs against Defendant Lappert's Hawaii; and

(8) For such other and further relief as the Court may deem just and proper.

DATED: January 5, 2007

HANSON BRIDGETT MARCUS
VLAHOS & RUDY, LLP

By:____________________________
SUSAN G. O'NEILL
GARNER K. WENG
ALEXANDRA ATENCIO
Attorneys for Plaintiff
LAPPERT'S ICE CREAM, INC., a
California Corporation

**DEMAND FOR JURY TRIAL**

Plaintiff Lappert's Ice Cream, Inc. hereby demands a trial by jury in this action as to all issues and claims for relief so triable.

DATED: January 5, 2007

HANSON BRIDGETT MARCUS
VLAHOS & RUDY, LLP

By:____________________________
SUSAN G. O'NEILL
GARNER K. WENG
ALEXANDRA ATENCIO
Attorneys for Plaintiff
LAPPERT'S ICE CREAM, INC., a
California Corporation