DOUGLAS A. WINTHROP (No. 183532)
Email: dwinthrop@howardrice.com
SHAUDY DANAYE-ELMI (No. 242083)
Email: sdanaye-elmi@howardrice.com
HOWARD RICE NEMEROVSKI CANADY
    FALK & RABKIN
A Professional Corporation
Three Embarcadero Center, 7th Floor
San Francisco, California 94111-4024
Telephone: 415/434-1600
Facsimile: 415/217-5910

Attorneys for Defendant and Counterclaimant
LAPPERT'S INC., a Hawaii Corporation

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| LAPPERT'S ICE CREAM, INC., a California Corporation,<br><br>Plaintiff,<br><br>v.<br><br>LAPPERT'S INC., a Hawaii Corporation,<br><br>Defendant. | No. C 06 1296 SC<br><br>STIPULATED PROTECTIVE ORDER |
| LAPPERT'S INC., a Hawaii Corporation,<br><br>Counterclaimant,<br><br>v.<br><br>LAPPERT'S ICE CREAM, INC., a California Corporation,<br><br>Counterdefendant. | No. |

Plaintiff and Counterdefendant Lappert's Ice Cream, Inc., and Defendant and Counterclaimant Lappert's, Inc., stipulate through their respective counsel of record as follows:

## PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure would be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential. The parties further acknowledge, as set forth in Section 9, below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the court to file material under seal.

Notwithstanding anything in this Stipulated Protective Order, the parties agree that the Disclosure or Discovery Material, as defined in Section 1.2 below, shall not be used by the Receiving Party, as defined in Section 1.5 below, for any purpose other than for prosecuting or defending this action.

1. DEFINITIONS

   1.1 Party or Parties: any party to this action, and all parties to this action, including all of its or their officers, directors, partners, employees, consultants, retained experts, and outside counsel (and their support staff), including the law firms Hanson Bridgett Marcus Vlahos & Rudy, LLP, and Howard Rice Nemerovski Canady Falk and Rabkin, A Professional Corporation.

   1.2 Disclosure or Discovery Material: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things,

testimony, transcripts, or tangible things) that are voluntarily exchanged, produced or generated in disclosures or responses to discovery in this matter.

1.3 <u>"Confidential" Information or Items</u>: information (regardless of how generated, stored, or maintained) or tangible things that qualify for protection under standards developed under Federal Rule of Civil Procedure 26(c), and are designated as "Confidential" in the good faith belief that it contains confidential, proprietary, trade secret and/or otherwise private information subject to protection under state or federal law.

1.4 <u>"Highly Confidential–Attorneys' Eyes Only" Information or Items</u>: that narrow and limited subset of Confidential Information or Items which is designated as "Highly Confidential," and whose disclosure to another Party or non-party the Designating Party (as defined in Section 1.7, below) in good faith believes would create a substantial risk of serious competitive injury to the business of the Designating Party, or other serious injury, that could not be avoided by less restrictive means.

1.5 <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

1.6 <u>Producing Party</u>: a Party or non-party that produces Disclosure or Discovery Material in this action.

1.7 <u>Designating Party</u>: a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY."

1.8 <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY."

1.9 <u>Counsel</u>: attorneys who are retained to represent or advise a Party in this action.

1.10 <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a past or a current employee of a Party or of a competitor of a Party's and who, at the time of retention, is not anticipated to become an

employee of a Party or a Party's competitor. This definition includes a professional jury or trial consultant retained in connection with this litigation.

1.11 <u>Professional Vendors</u>: persons or entities that provide litigation support services (*e.g.*, photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

## 2. SCOPE

The protections conferred by this Stipulated Protective Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by Parties or counsel to or in court or in other settings that might reveal Protected Material. All notes, memoranda, reports, and other written communications that reveal or discuss information contained in Protected Materials shall be given the same protections under this Stipulated Protective Order as though they were designated as Protected Material.

## 3. DURATION

Even after the termination of this litigation—whether by settlement, discontinuance, dismissal, severance, judgment or other disposition—the confidentiality obligations imposed by this Stipulated Protective Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

## 4. DESIGNATING PROTECTED MATERIAL

4.1 <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Stipulated Protective Order (*see, e.g.*, second paragraph of Section 4.1 (a), below), or as otherwise stipulated or ordered, material that qualifies for protection under this Stipulated Protective Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Stipulated Protective Order requires:

(a) <u>for information in documentary form</u> (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend

1  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" at
2  the top of each page that contains protected material. If only a portion of a document or
3  portions of the material on a page qualifies for protection, the Designating Party must clearly
4  identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins) and
5  must specify, for each portion, the level of protection being asserted (either
6  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY").

A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Stipulated Protective Order, and before producing the specified documents, the Producing Party must affix the appropriate legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" at the top of each page that contains protected material. If only a portion of a document or portions of the material on a page qualifies for protection, the Designating Party must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY").

(b) <u>for testimony given in deposition or in other pretrial or trial proceedings</u>, that the Designating Party identify all protected testimony on the record, before the close of the deposition, hearing, or other proceeding, or identify all protected testimony within twenty (20) calendar days after receipt of the transcript. Until expiration of this twenty day period, all such testimony shall be considered and treated as though it is designated "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY." Only those portions of the

testimony that are designated for protection within the twenty (20) days shall be covered by the provisions of this Stipulated Protective Order.

Transcript pages containing Protected Material must be separately bound by the court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY," as instructed by the Designating Party.

(c) <u>for information produced in some form other than documentary, and for any other tangible items</u>, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the appropriate legend. If that matter is stored or recorded electronically (including information databases, images, or programs stored on computers, discs, networks or backup tapes) and a legend cannot be affixed upon it, the Designating Party may designate such material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" by cover letter identifying the Protected Material. Parties other than the Producing Party shall also have the right to designate such materials for confidential treatment in accordance with this Stipulated Protective Order by written notice. If only portions of the information or item warrant protection, the Designating Party, to the extent practicable, shall identify the protected portions.

(d) <u>for information revealed in the course of a hearing</u>, that the Designating Party identify all protected information on the record, before the conclusion of the hearing, or other proceeding, or identify all protected testimony within twenty (20) calendar days after receipt of the transcript. Until expiration of this twenty day period, all such testimony shall be considered and treated as though it is designated "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" except that Parties may draft orders on the hearings as necessary to effect the Court's decisions. Only those portions of the testimony that are designated for protection within the twenty (20) days shall be covered by the provisions of this Stipulated Protective Order.

Transcript pages containing Protected Material must be separately bound by the court

reporter, who must affix to the top of each such page the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY," as instructed by the Designating Party.

4.2     <u>Inadvertent Failures to Designate</u>.  If corrected, an inadvertent failure to designate qualified information or items as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" does not, standing alone, waive the Designating Party's right to secure protection under this Stipulated Protective Order for such material.  If material is appropriately designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Stipulated Protective Order.  As used in this Stipulated Protective Order, an act is "timely" if it does not unduly prejudice another party.

4.3     <u>Inadvertent Production</u>.  If the Producing Party contends that it has inadvertently produced material that it alleges is protected by the attorney client privilege, the work product doctrine, and/or any other privilege ("the Subject Material"), that party shall notify the Receiving Party of the inadvertent production immediately upon its discovery of the inadvertent production.  Immediately upon notification, and in no event, no later than three business days after receiving notice, the Receiving Party shall return and/or destroy all copies of the Subject Material identified in the notice, and shall certify in writing that it has done so.  In so doing, the Receiving Party shall not waive or prejudice any challenge it may have to the alleged privileged status of the Subject Material, nor shall it waive or prejudice any challenge it may have to the Producing Party's claim of inadvertent production.  If, after undertaking an appropriate meet-and-confer process, the parties are unable to resolve any dispute they have concerning the Subject Material, the Receiving Party may file a motion to compel such material.

## 5. CHALLENGING CONFIDENTIALITY DESIGNATIONS

5.1 <u>Meet and Confer</u>. A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) with counsel for the Designating Party. In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

5.2 <u>Judicial Intervention</u>. A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party may file and serve a motion under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in the preceding paragraph and that sets forth with specificity the Designating Party's justification for the confidentiality designation that was stated in the meet and confer dialogue.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Until the court rules on the challenge, all parties shall continue to afford the material in question the protection to which it is entitled under the Producing Party's designation.

## 6. ACCESS TO AND USE OF PROTECTED MATERIAL

6.1 <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Stipulated Protective Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of Section 10, below (FINAL DISPOSITION).

STIPULATED PROTECTIVE ORDER    C 06 1296 SC
-7-

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Stipulated Protective Order.

6.2 <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL only to:

(a) The Receiving Party's Counsel in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b) The officers, directors and employees of the Receiving Party to whom disclosure is reasonably necessary for this litigation;

(c) Experts (as defined in this Stipulated Protective Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgement and Agreement to Be Bound by Protective Order" (Exhibit A);

(d) The Court and its personnel;

(e) Neutral evaluators, mediators or arbitrators assigned to the case by the Court or retained for the case by the mutual agreement of the Parties;

(f) Professional Vendors for services such as copying, scanning, or electronic-document processing to whom disclosure is reasonably necessary for this litigation;

(g) Former employees, officers, or directors of the Parties, provided that such former employees, officers, partners, or directors saw the said material when they held said positions and have signed the "Acknowledgement and Agreement to Be Bound by Protective Order" (Exhibit A); and

(h) The author of the document or the original source of the information.

6.3 <u>Disclosures of "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" only to:

(a) the Receiving Party's Counsel in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b) Experts (as defined in this Order) (1) to whom disclosure is reasonably necessary for this litigation and (2) who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(c) the Court and its personnel;

(d) Neutral evaluators, mediators or arbitrators assigned to the case by the Court or retained for the case by the mutual agreement of the Parties;

(e) Professional Vendors such as copying, scanning, or electronic-document processing to whom disclosure is reasonably necessary for this litigation.

(f) The author of the document or the original source of the information.

6.4 <u>Maintenance of Signed Agreements</u>. The Counsel for the Receiving Party wishing to disclose Protected Materials shall maintain the original signed "Acknowledgement and Agreement(s) to Be Bound by Protective Order."

6.5 <u>Disclosure Not Otherwise Authorized</u>. In the event that Counsel representing any Party in this action believes that it is necessary to disclose Protected Materials to an individual or entity to whom disclosure is not permitted by this Stipulated Protective Order, such Counsel shall make a written request (delivered by hand, electronic mail or facsimile) to Counsel for the Designating Party identifying the individual to whom it is desired to make such disclosure and the specific Protected Materials involved. Within ten business days of the request, Counsel for the Designating Party may object to such disclosure by delivering by hand, electronic mail, or fax a written objection to Counsel serving the disclosure letter. Failure to so object constitutes consent to such disclosure. In the event that a Designating Party objects to such disclosure, such Protected Materials shall not be disclosed to any individual other than those to whom disclosure is permitted by the provisions of this Stipulated Protective Order until such dispute has been resolved by agreement of the parties or by order of the Court.

7. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY," the Receiving Party must so notify the Designating Party, in writing (by hand delivery, electronic mail or facsimile), immediately and in no event more than three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order. Provided that the Producing Party has taken the necessary steps to prevent, through judicial process, production of the documents sought to be produced, the Receiving Party shall not produce to the Party in the other action any documents designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEY'S EYES ONLY," and will maintain the status quo pending resolution of the Producing Party's motion to quash or analogous proceeding.

The Receiving Party also must immediately inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Protective Order. In addition, the Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material—and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

8. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed

1  Protected Material to any person or in any circumstance not authorized under this Stipulated
2  Protective Order, the Receiving Party must immediately (a) notify in writing the Designating
3  Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the
4  Protected Material, (c) inform the person or persons to whom unauthorized disclosures were
5  made of all the terms of this Stipulated Protective Order, and (d) request such person or
6  persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached
7  hereto as Exhibit A.

8  9.   FILING PROTECTED MATERIAL

9  Without written permission from the Designating Party or a court order secured after
10 appropriate notice to all interested persons, a Party may not file in the public record in this
11 action any Protected Material. A Party that seeks to file under seal any Protected Material
12 must comply with Civil Local Rule 79-5.

13 Any Court hearing that refers to or describes Highly Confidential information shall in
14 the Court's discretion be conducted *in camera*.

15 10.  FINAL DISPOSITION

16 Unless otherwise ordered or agreed in writing by the Producing Party, within sixty
17 days after the final termination of this action (*e.g.*, a court order terminating this action and
18 from which no appeal is taken), each Receiving Party must return all Protected Material to
19 the Producing Party. As used in this paragraph, "all Protected Material" includes all copies,
20 abstracts, compilations, summaries or any other form of reproducing or capturing any of the
21 Protected Material. With permission in writing from the Designating Party, the Receiving
22 Party may destroy some or all of the Protected Material instead of returning it. Whether the
23 Protected Material is returned or destroyed, the Receiving Party must submit a written
24 certification to the Producing Party (and, if not the same person or entity, to the Designating
25 Party) by the sixty day deadline that affirms that the Receiving Party has complied with the
26 foregoing provisions, and has not retained any copies, abstracts, compilations, summaries or
27 other forms of reproducing or capturing any of the Protected Material. Notwithstanding this
28 provision, Counsel are entitled to retain archival copies and not required to return copies of

HOWARD
RICE
NEMEROVSKI
CANADY
FALK
& RABKIN
*A Professional Corporation*

STIPULATED PROTECTIVE ORDER    C 06 1296 SC
-11-

all pleadings, motion papers, transcripts, legal memoranda, correspondence, attorney-client communications or attorney work product, even if such materials contain Protected Material, provided that such Counsel take appropriate steps to prevent the disclosure in a manner contrary to this Stipulated Protective Order of such Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Stipulated Protective Order as set forth in Section 3 (DURATION), above.

11. MISCELLANEOUS

 11.1 Right to Further Relief. Nothing in this Stipulated Protective Order abridges the right of any person to seek its modification by the Court in the future.

 11.2 Admissions and Waivers. Neither the entry of this Order, nor the designation of any information or documents as Confidential or Highly Confidential or failure to make such a designation, shall constitute evidence or any admission with respect to any issue in the case, and shall not constitute a waiver of any objections to the disclosure of such information. Nothing in this Stipulated Protective Order shall be construed as waiving any objections of either Party as to the admissibility of a particular document into evidence. Moreover, nothing in this Stipulated Protective Order shall be construed to require any party to disclose to any other party any Confidential of Highly Confidential Information, or to prohibit any party from refusing to disclose Confidential or Highly Confidential Information to any other party.

 11.3 Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing

any information or item on any ground not addressed in this Stipulated Protective Order.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: January 23, 2007

DOUGLAS A. WINTHROP
HOWARD RICE NEMEROVSKI CANADY FALK & RABKIN
A Professional Corporation

By: _____/s/_____

Attorneys for Defendant and Counterclaimant LAPPERT'S, INC.

DATED: January 23, 2007

SUSAN G. O'NEILL
GARNER K. WENG
HANSON BRIDGETT MARCUS VLAHOS & RUDY, LLP

By: _____/s/_____

Attorneys for Plaintiff and Counterdefendant LAPPERT'S ICE CREAM, INC.

I, Shaudy Danaye-Elmi, hereby attest, pursuant to N.D. Cal. General Order No. 45, that the concurrence to the filing of this document has been obtained from the other signatory hereto.

By: _____/s/_____

SHAUDY DANAYE-ELMI

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: __1/24/07_____

SAMUEL CONTI
United States District Judge

*[Court seal: UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA — IT IS SO ORDERED, Judge Samuel Conti]*

HOWARD
RICE
NEMEROVSKI
CANADY
FALK
& RABKIN
*A Professional Corporation*

STIPULATED PROTECTIVE ORDER
-14-
C 06 1296 SC

# EXHIBIT A
## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I, _____, declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on _____ in the case of *Lappert's Ice Cream, Inc. v. Lappert's, Inc.*, and related counterclaim, Case No. C 06 1296 (SC). My address is _____. My present occupation is _____.

I agree to comply with and to be bound by all the terms of this Stipulated Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt of court. I solemnly promise that I will not disclose in any manner any information or item that is subject to the Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ of _____ _____ _____ *[full address and telephone number]* as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Executed this __ day of _____, 2007, at _____ *[city and state]*.

Signature _____

STIPULATED PROTECTIVE ORDER  C 06 1296 SC
-15-