UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

LAPPERT'S ICE CREAM, INC., a ) No. C-06-1296 SC
California Corporation )
)
    Plaintiff, ) ORDER GRANTING
) DEFENDANT'S MOTION TO
  v. ) DISQUALIFY
) <u>PLAINTIFF'S COUNSEL</u>
LAPPERT'S, INC., a Hawaii )
Corporation, )
)
    Defendant. )
_____ )

**I.  <u>INTRODUCTION</u>**

    Presently before the Court is a motion by Defendant Lappert's

Inc. ("Defendant" or "Lappert's Hawaii") to disqualify Hanson

Bridgett Marcus Vlahos & Rudy, LLP ("Hanson Bridgett") as counsel

for Plaintiff Lappert's Ice Cream, Inc. ("Plaintiff" or "Lappert's

California").  Having considered the written submissions and oral

arguments of both parties, the Court hereby GRANTS Defendant's

Motion for Disqualification of Hanson Bridgett.


**II.  <u>BACKGROUND</u>**

    This case arises from a dispute between two related companies

over the control of the intellectual property rights of an ice

cream business.  <u>See</u> Amended Complaint, Docket No. 47.  Lappert's

Hawaii was co-founded in 1983 by three people:  Walter Lappert,

Michael Lappert, Walter's son from a prior marriage, and Mary

Pratt, Walter's wife.  They also opened a store in Sausalito,

**United States District Court**
For the Northern District of California

California in 1984.  Walter and Mary divorced in 1991, and each was awarded a 50% share of Lappert's Hawaii.  Lappert's California is presently 100% owned by Michael Lappert.  When Walter Lappert died in 2003, his 50% share of Lappert's Hawaii and all other intellectual property he purportedly held as an individual passed to his son Michael who currently owns 50% of Lappert's Hawaii. See Motion to Disqualify, Docket No. 73; Opp'n, Docket No. 83.

In this case, Lappert's California claims that it owns four U.S. federal trademark registrations and other Hawaii state registrations for Lappert's related intellectual property.  See Amended Complaint.  Lappert's Hawaii has counter-claimed for ownership of the relevant intellectual property, claiming that it was developed and paid for by Lappert's Hawaii and that Walter Lappert's registration of the rights in his own name, without the knowledge or consent of Mary Pratt, was invalid, ultra vires conduct, and fraud on the United States Patent and Trademark Office.  See Answer to Amended Complaint.

Defendant Lappert's Hawaii seeks to disqualify Hanson Bridgett as counsel for Plaintiff Lappert's California because Hanson Bridgett formerly represented Lappert's Hawaii in 1996 and helped Walter Lappert transfer two Hawaii trade-name registrations from Lappert's Hawaii to himself.  See Motion to Disqualify.

III.  **LEGAL STANDARD**

"It has long been established in civil cases that the court has the power, on motion of a party, to disqualify an opposing attorney from participating in a trial when, for example, the

2

attorney improperly seeks to proceed against a former client."
People v. Superior Court (Greer), 561 P.2d 1164, 1170 (Cal. 1977).
The power to disqualify an attorney is one aspect of the trial
court's broad authority "[t]o control in furtherance of justice,
the conduct of its ministerial officers . . . ." Cal. Code Civ.
Proc., § 128(a)(5); People ex rel. Dept. of Corporations v.
SpeeDee Oil Change Systems, Inc., 20 Cal.4th 1135, 1145 (1999).

The prohibition against representing a new client whose
interests are adverse to a former client is grounded in both the
California State Bar Rules of Professional Conduct and relevant
case law. Rule 3-310(E) provides: "A member shall not, without
the informed written consent of the client or former client,
accept employment adverse to the client or former client where, by
reason of the representation of the client or former client, the
member has obtained confidential information material to the
employment."

Courts evaluate conduct under Rule 3-310(E) according to the
"substantial relationship" test:

> When a substantial relationship has been shown to exist
> between the former representation and the current
> representation, and when it appears by virtue of the nature
> of the former representation or the relationship of the
> attorney to his former client confidential information
> material to the current dispute would normally have been
> imparted to the attorney or to subordinates for whose legal
> work he was responsible, the attorney's knowledge of
> confidential information is presumed.

Goldberg v. Warner/Chappell Music, Inc., 125 Cal. App. 4th 752,
759 (2005). A lawyer who accepts employment in violation of the
rules is subject to disqualification upon motion of the former
client. Henriksen v. Great American Savings & Loan, 11 Cal. App.

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

4th 109, 113-114 (1992).  "The paramount concern must be to preserve public trust in the scrupulous administration of justice and the integrity of the bar.  The important right to counsel of one's choice must yield to ethical considerations that affect the fundamental principles of our judicial process."  SpeeDee Oil, 20 Cal. 4th at 1145.

**IV.   DISCUSSION**

   **A.   The Attorney-Client Relationship between Hanson Bridgett and Lappert's Hawaii**

   Lappert's Hawaii moves to disqualify Hanson Bridgett based on information discovered while reviewing documents produced by Lappert's California in early February of 2007.  Lappert's Hawaii states that in early February it learned that Hanson Bridgett represented Lappert's Hawaii in a series of transactions in 1996 whereby Walter Lappert renewed trade-names with the Hawaii Department of Commerce and Consumer Affairs for "Lappert's Ice Cream" and "Lappert's Aloha Ice Cream" and then transferred the trade-names to himself.  See Danaye-Elmi Decl., Ex. O and P, Docket No. 76.  The coverletters to each set of forms, signed by Pam Rolph, Intellectual Property Paralegal for Hanson Bridgett, state that the forms are "On behalf of our client, Lappert's Inc." Id.  Hanson Bridgett needed to send the forms on behalf of the company and not Walter Lappert because these trade-names had previously been assigned to the corporation.  Id. at Ex. N.  As such, in the present litigation, Hanson Bridgett is currently adverse to Lappert's Hawaii, its former client from 1996.

4

**United States District Court**
For the Northern District of California

**B. The Prior and Current Representations are Substantially Related.**

Lappert's Hawaii asserts that the 1996 transactions are substantially related to the current case because they involve the same type of conduct involved in their counterclaims, namely the fraudulent transfer of intellectual property from Lappert's Hawaii to Walter Lappert as an individual. In addition, this specific series of deals is described at paragraph 14 of Defendant's counterclaims. See Docket No. 49, ¶ 14. Lappert's Hawaii maintains that during the course of Hanson Bridgett's representation of the company in these deals, it likely received confidential information from Walter Lappert concerning the history and development of Lappert's Hawaii and its intellectual property. This is based on the reasonable assumption that a lawyer involved in transferring assets from a company to one of its two principal officers would necessarily inquire as to purpose for the transfer and whether the other officer had been informed.

Lappert's California disputes Defendant's characterization of the 1996 transactions. In their Opposition and Sur-Reply briefs, Plaintiff's counsel describes the transfer of the trade-names as ministerial, requiring only the submission of two pre-printed, one-page, "fill in the blank" forms. See Sur-Reply, Docket No. 102 at 4. Plaintiff's description, however, understates the significance of the transactions. By representing Lappert's Hawaii in transferring the trade-names from the company to Walter Lappert, Hanson Bridgett participated in one of the deals at the heart of the current litigation. See City Nat. Bank v. Adams, 96

5

**United States District Court**
For the Northern District of California

Cal. App. 4th 315, 330 (2002).  Indeed, as previously discussed, the counterclaims of Lappert's Hawaii center around the purported fraudulent transfer of intellectual property from the company to Walter Lappert.  The 1996 deals at issue in Defendant's Motion to Disqualify certainly comprise an important part of Defendant's case.  As stated in <u>City National Bank</u>, "[w]hen the prior and current representations are in exactly the same matter or involve the work performed by the lawyer for the former client, there is no exception to the conclusive presumption of the exchange of confidential information." 96 Cal. App. 4th at 330.  The Court finds that the prior representation of Lappert's Hawaii by Hanson Bridgett is substantially related to the current representation and that the nature of the former representation suggests that confidential information would normally have been imparted to Hanson Bridgett.  Thus, there is a legal presumption that Hanson Bridgett acquired confidential information concerning Lappert's Hawaii in the course of its prior representation.

### C. **The Presumption that Hanson Bridgett Acquired Confidential Information is Imputed to the Entire Firm.**

According to California law, "knowledge obtained by one member of a firm of lawyers is imputed to all the other members." <u>Rosenfeld Constr. Co. v. Superior Court</u>, 235 Cal. App. 3d 566, 572 (1991).  This doctrine has been extended to nonlawyer employees of the firm as well.  <u>See</u> <u>In re Tevis</u>, 347 B.R. 679, 693 (9th Cir. B.A.P. 2006).  As such, the work done by the specific partner and paralegal at Hanson Bridgett on the 1996 deals can be imputed to

the other attorneys at the firm.

In its Opposition to Defendant's motion, Plaintiff Lappert's California argues that any conflict related to the 1996 transactions should not be imputed to the entire firm. Plaintiff states that the attorney, Lora Thielbar, and paralegal, Pamilla Rolph, who worked on the 1996 matters are no longer with the firm and could not have passed confidential information to the current Hanson Bridgett attorneys involved with the case. Plaintiff cites Goldberg v. Warner/Chappell Music for the proposition that the Court must examine "whether confidential was actually exchanged." 125 Cal. App. 4th at 765. In support, Plaintiff submitted declarations from the relevant individuals, including Ms. Thielbar and Ms. Rolph, who state that they do not recall receiving confidential information from Lappert's Hawaii and that they do not recall discussing the matter with the current Hanson Bridgett attorneys. See Thielbar Decl., Docket No. 88; Rolph Decl., Docket No. 90.

Plaintiff's reliance on Goldberg is misplaced. In Goldberg, the attorney-client relationship was informal and only involved one meeting. See 125 Cal. App. 4th at 758. By contrast, in this case, Hanson Bridgett claimed to represent Lappert's Hawaii for at least nine months as it helped renew and then transfer the Hawaii trade-names. See Danaye-Elmi Decl., Ex. O and P, Docket No. 76. Furthermore, Ms. Thielbar and Ms. Rolph remained at Hanson Bridgett until 1999 and continued to work on Lappert's related matters. Though Ms. Rolph left Hanson Bridgett in 1999, she returned in 2000 and remained employed there until 2005. See

7

Rolph Decl.  Indeed, Ms. Rolph worked with Susan O'Neill, one of the current attorneys for Plaintiff, on Lappert's intellectual property issues in 2004.  <u>See</u> Gallo Decl., Docket No. 95, ¶ 6 and Ex. 4.  In addition, Ms. Thielbar worked on federal trademark projects for Walter Lappert in 1996 and those projects were ultimately passed to attorneys who worked with Garner Weng, currently lead counsel for Lappert's California.  <u>See</u> Gallo Decl., ¶¶ 5-8 and Exs. 3-7.  In light of the various direct interactions between the Hanson Bridgett employees who represented Lappert's Hawaii and the Hanson Bridgett attorneys currently working on the case, the Court finds that imputed disqualification of the entire firm is necessary to ensure compliance with Rule 3-310(E) of the California State Bar Rules of Professional Conduct.

**V.**   <u>**CONCLUSION**</u>

For the reasons described herein, the Court GRANTS Defendant's Motion for Disqualification of Plaintiff's Counsel, Hanson Bridgett.  All pending motions, including Plaintiff's Motion for Summary Judgment, are hereby taken off calendar pending Plaintiff's retention of new counsel.

IT IS SO ORDERED.

Dated: March 6, 2007

_____
UNITED STATES DISTRICT JUDGE