UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAPPERT'S ICE CREAM, INC., a California Corporation<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>LAPPERT'S, INC., a Hawaii Corporation,<br><br>　　　　Defendant. | No. C-06-1296 SC<br><br>ORDER DENYING PLAINTIFF'S MOTION <u>FOR SUMMARY JUDGMENT</u> |

## I. **INTRODUCTION**

Presently before the Court is a motion by Plaintiff and Counterdefendant Lappert's Ice Cream, Inc. ("Plaintiff" or "Lappert's California") for summary judgment on the counterclaims and eighth and ninth Affirmative Defenses asserted by Defendant and Counterclaimant Lappert's Inc. ("Defendant" or "Lappert's Hawaii").  Docket No. 61.  Defendant opposed the motion, Docket No. 97; Plaintiff replied, Docket No. 111; Defendant filed a supplemental opposition, Docket No. 112; and Plaintiff filed a supplemental reply, Docket No. 113.

Having considered the submissions of both parties, the Court hereby DENIES Plaintiff's Motion for Summary Judgment.

## II. **BACKGROUND**

This case arises from a dispute between two closely related

1   companies over the control of the intellectual property rights of
2   an ice cream and coffee business.  See Am. Compl., Docket No. 47.
3   Lappert's Hawaii was co-founded in 1983 by Walter Lappert and Mary
4   Pratt, Walter's wife, who opened a store together in Hanapepe,
5   Hawaii.  In 1984, Walter Lappert, Mary Pratt, and Michael Lappert,
6   Walter's son from a prior marriage, opened a store in Sausalito,
7   California.  Lappert's Hawaii was incorporated on August 21, 1986.
8   See Pratt Decl., Docket No. 98, ¶ 5 and Ex. C.  In 1989, Michael
9   bought out Walter and Mary's interest in the California business.

10       Michael Lappert presently owns 100% of Lappert's California.
11  When Walter and Mary divorced in 1991, each was awarded a 50%
12  share of Lappert's Hawaii.  Walter Lappert died in 2003 and his
13  50% share of Lappert's Hawaii and all other intellectual property
14  he purportedly held as an individual passed to his son Michael,
15  who currently owns 50% of Lappert's Hawaii.  Mary Pratt owns the
16  other 50% of Lappert's Hawaii.  See Pl.'s Mot. and Def.'s Opp'n
17  (providing detailed summaries of the facts).

18       In this case, Lappert's California claims ownership of four
19  U.S. federal trademark registrations and other Hawaii state
20  registrations for Lappert's-related intellectual property ("IP").
21  See Am. Compl.  Lappert's Hawaii has asserted counterclaims for
22  ownership of the same IP, claiming that it was developed by
23  Lappert's Hawaii and Walter Lappert's registration of the rights
24  in his own name, without the knowledge or consent of Mary Pratt,
25  was fraud on the United States Patent and Trademark Office.  See
26  Answer to Am. Compl., Docket No. 49.

27       For purposes of this motion, Lappert's California asks the
28

1 Court to find as a matter of law that all of Lappert's Hawaii's
2 counterclaims and its eighth and ninth affirmative defenses (for
3 inequitable and fraudulent conduct in obtaining the trademark
4 registrations) are barred by the equitable doctrine of laches.
5     The parties began fighting over the use and ownership of the
6 IP in 2005.  See Pratt Decl., ¶ 12.  Until that time, these
7 closely related companies used the Lappert's trademarks for their
8 mutual benefit, enabling the success of an ice cream and coffee
9 business in Hawaii and the continental United States.  Their
10 relationship has deteriorated to the point where they no longer
11 feel they can share the trademarks they jointly developed and used
12 for over twenty years.

### III. LEGAL STANDARD

"Laches is an equitable time limitation on a party's right to bring suit." Boone v. Mech. Specialties Co., 609 F.2d 956, 958 (9th Cir. 1979).  Laches rests on the maxim that "one who seeks the help of a court of equity must not sleep on his rights." Piper Aircraft Corp. v. Wag-Aero, Inc., 741 F.2d 925, 938 (7th Cir. 1984) (Posner, J., concurring).  It is well established that laches is a valid defense in trademark suits.  See e.g., Miller v. Glen Miller Prod., Inc., 454 F.3d 975, 980 (9th Cir. 2006); Jarrow Formulas, Inc. v. Nurtition Now, Inc., 304 F.3d 829, 839 (9th Cir. 2002).  To demonstrate laches, the "defendant must prove both an unreasonable delay by the plaintiff and prejudice to itself." Couveau v. Am. Airlines, Inc., 218 F.3d 1078, 1083 (9th Cir. 2000).

When considering unreasonable delay, Courts perform a two-step analysis:

> First, we assess the length of delay, which is measured from the time the plaintiff knew or should have known about its potential cause of action. Second, we decide whether the plaintiff's delay was reasonable. The reasonableness of the plaintiff's delay is considered in light of the time allotted by the analogous limitations period. We also consider whether the plaintiff has proffered a legitimate excuse for its delay.

Jarrow, 304 F.3d at 838 (citations omitted).

When considering prejudice, Courts have recognized both evidentiary and expectations-based prejudice. "Evidentiary prejudice includes such things as lost, stale, or degraded evidence, or witnesses whose memories have faded or who have died." Danjaq LLC v. Sony Corp., 263 F.3d 942, 955 (9th Cir. 2001). Expectations prejudice includes a showing by a defendant "that it took actions or suffered consequences that it would not have, had the plaintiff brought suit promptly." Id.

To prevail on its motion, the moving party, Lappert's California, must show that there is no genuine issue as to any material fact, and that it is entitled to judgment as a matter of law. See Fed R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). In considering Plaintiff's motion, the Court does not make credibility determinations or weigh conflicting evidence; the Court must draw all inferences in the light most favorable to Defendant. See T.W. Elec. Serv. Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 630-31 (9th Cir. 1987).

//
//

**IV. DISCUSSION**

    **A.   Fraudulent Procurement Claims**

    To defeat the fraudulent procurement claims asserted by Defendant Lappert's Hawaii, Plaintiff Lappert's California must show unreasonable delay and prejudice.  Defendant argues that the laches defense (1) is unavailable as a matter of law and, in the alternative, (2) fails because Defendant was unaware of the basis for the claim until approximately 2005.  See Opp'n, 1.  The Court finds Defendant's first argument unavailing.  Laches may be asserted as an affirmative defense even though claims for fraudulent procurement may be brought "at any time."  See 15 U.S.C. § 1064(3); Beaty v. Selinger, 306 F.3d 914 (9th Cir. 2002); Pro-Football, Inc. v. Harjo, 415 F.3d 44 (D.C. Cir. 2005).  In Beaty and Pro-Football, courts dismissed the notion that the "at any time" language invalidated the laches defense.  See Beaty, 306 F.3d at 924 ("Rather, [laches] is primarily concerned with prejudice.  There is thus nothing inherently contradictory about saying that an action that may be brought 'at any time' is nonetheless subject to an equitable limitation based on prejudicial delay."); Pro-Football, 415 F.3d at 48 ("The words 'at any time' demonstrate only that the act imposes no statute of limitations for bringing petitions.  Those words have nothing to do with what equitable defenses may be available during cancellation proceedings.").  Because the law does not preclude Plaintiff's legal arguments, the Court will consider whether laches defeats Defendant's counterclaims as a matter of law.

    Lappert's California argues that its laches defense succeeds

because Lappert's Hawaii, and Mary Pratt specifically, knew or should have known of the allegedly fraudulent conduct as early as 1987. In response, Lappert's Hawaii points to the statement of Mary Pratt, "Prior to 2005, I did not know that the Post-Divorce Registrations existed." Pratt Decl., ¶ 8. As such, Mary Pratt had no knowledge of the alleged fraud when it occurred and the laches defense will only succeed if the Court finds that Defendant should have known about basis for its counterclaims. Lappert's Hawaii asserts that it is wrong to say that Mary Pratt or Lappert's Hawaii should have known that the IP was improperly registered in Walter Lappert's name because the purpose of the alleged fraud was to conceal this information from Mary Pratt and the company. Having reviewed the evidence, the Court finds disputed issues of material fact involving Defendant's fraudulent procurement counterclaims. Thus, the Court denies Defendant's motion as to these counterclaims.

**B.   Infringement and Unfair Competition Claims**

Plaintiff also seeks to bar Defendant's infringement and unfair competition claims. "Today, there is little doubt that because of the overriding interest of the public in being free from confusion and mistake as to source or affiliation, the defense of estoppel by laches is only rarely applied to bar a permanent injunction after a strong case of likely confusion has been proven." McCarthy on Trademarks, § 31:6. In this case, Plaintiff's Amended Complaint states that consumers are likely to be confused as to the difference between the products sold by Lappert's Hawaii and Lappert's California. See Am. Compl., ¶ 32.

6

In addition, Defendant has presented evidence that its claims did not arise until 2005, when the interests of the two companies became adverse.  Drawing all inferences in the light most favorable to Defendant, Plaintiff's laches defense fails as to the remaining counterclaims because there are disputed issues of material fact regarding the reasonableness of Defendant's delay and the prejudice suffered by Plaintiff.  Thus, the Court denies Plaintiff's motion for summary judgment in its entirety.

**V.  CONCLUSION**

For the reasons described herein, the Court DENIES Plaintiff's Motion for Summary Judgment.

IT IS SO ORDERED.

Dated: August 1, 2007

UNITED STATES DISTRICT JUDGE